UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DION ANDERSON, | Case No. 1:12-cv-01839-AWI-DLB PC |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| v. | |
| EDMOND G. BROWN, et al., | ECF No. 1 |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Background**

Plaintiff Dion Anderson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On August 13, 2012, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary of Complaint

Plaintiff was previously incarcerated at Corcoran State Prison.  Plaintiff names as Defendants Governor Edmund G. Brown, the California State Legislature; California Secretary of State Debra Bowen; California State Controller John Chiang; State Attorney General Kamala D. Harris; and the California Superior Courts.

Plaintiff alleges the following.[1]  On September 7, 2010, Plaintiff wrote a letter to the United States Department of Justice concerning "substantial amounts of dollars" appropriated from prisoners' convictions.  Pl.'s Compl. 3.  Plaintiff was informed that he should contact the appropriate local or state agency.  Compl. 3.  On April 25, 2011, Plaintiff filed a motion in the Sacramento Superior Court.  Compl. 5.  Plaintiff was informed that he would need to submit a petition or complaint to proceed in court.  Compl. 5.  On July 17, 2011, Plaintiff then filed a motion in Sacramento Superior Court for reclassification, submitting his felony criminal case number.  Compl. 6.  On August 17, 2011, the court rejected the filing and informed Plaintiff he must follow proper procedures if he wished to initiate a new civil case.  Compl. 7.

On July 20, 2011, Plaintiff filed his complaint with a writ of possession, and was informed to resubmit with only the first documents.  Compl. 8.  After complying, Plaintiff received a response from the court which stated that Plaintiff's filings were unclear and that he must have a case number before he can submit a proof of service.  Compl. 9.  Plaintiff construed the court's response as denial of access to the courts.  Compl. 9.  On September 20, 2011, the court stated that without some type of payment, it could not process Plaintiff's complaint.  Compl. 9.

---

[1] Plaintiff's complaint discusses claims that he filed on behalf of other inmates. To the extent that Plaintiff's complaint discusses claims other than his own, such allegations are omitted from this order.

2

Plaintiff contends a civil forfeiture of property, breach of contract/warranty, subrogation, constructive trust, resulting trust, racketeering, and requests an injunction pursuant to 15 U.S.C. § 78aa, 18 U.S.C. §§ 981(a)(1)(A), 983(a)(3), and 1961; 28 U.S.C. §§ 1331, 1367, 2283, and 2465, and Federal Rule of Civil Procedure 65.[2]

### III. Analysis

#### A. Class Action

Plaintiff spends an extensive portion of his Complaint contending that he should be the class representative for an alleged class action suit. However, Plaintiff cannot bring this suit as a class action. Plaintiff is proceeding pro se and lacks authority to appear as an attorney for anyone other than himself. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that "non-attorney may appear *in propria persona* in his own behalf" only). Thus, the Court will consider only Plaintiff's individual claims. Plaintiff is warned that he may not represent other inmates in this action and if Plaintiff attempts to file any document on behalf of another individual, that document will be stricken.

#### B. 15 U.S.C. § 78aa

Plaintiff cites to 15 U.S.C. § 78aa, which concerns jurisdiction by federal courts for civil and criminal proceedings initiated regarding securities exchanges. Plaintiff makes no allegations which demonstrate how this section is applicable to this action.

#### C. 18 U.S.C. § 981(a)(1)(A)

Plaintiff cites to 18 U.S.C. § 981(a)(1)(A), which states that "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property" is subject to forfeiture to the United States. This is not a claim. This section defines what property can be subject to forfeiture.

#### D. 18 U.S.C. § 983(a)(3)

Plaintiff cites to 18 U.S.C. § 983(a)(3), which states that, "Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending

---

[2] Plaintiff's citation to 28 U.S.C. § 1331, federal question jurisdiction, and § 1367, supplemental jurisdiction, are not themselves independent claims, but rather are the alleged basis for this Court's jurisdiction over this action.

the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." This is not a claim. This section governs civil forfeiture actions brought by the United States.

### E.  18 U.S.C. § 1961

Plaintiff cites to 18 U.S.C. § 1961, which defines racketeering. Plaintiff fails to state a claim. Plaintiff fails to make any allegations which indicate a violation of the Racketeer Influenced and Corrupt Organizations Act. *See Oscar v. Univ. Students Co-Op Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (en banc) ("injuries to property are not actionable under RICO unless they result in tangible financial loss to the plaintiff"), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005).

### F.  28 U.S.C. § 2283

Plaintiff cites to 28 U.S.C. § 2283, requesting that this Court stay state court proceedings in order to "protect or effectuate its judgments." Plaintiff requests this stay on behalf of the inmates that he purports to represent. The Court denies Plaintiff's request. Plaintiff presents no argument that merit a stay of state court proceedings. Plaintiff cannot represent other inmates in this action.

### G.  28 U.S.C. § 2465

Plaintiff cites to 28 U.S.C. § 2465, requesting return of property and liability for wrongful seizure under any provision of federal law. Plaintiff fails to allege how this section is applicable in this action.

### H.  Access to the Courts

Plaintiff alleges that the Sacramento Superior Court denied Plaintiff access to the courts. First, Plaintiff's claim fails as a matter of law, as the Sacramento Superior Court is considered an arm of the State of California and is thus immune from suit under the Eleventh Amendment. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

The Court will provide Plaintiff with the legal standard regarding an access to the courts claim. Inmates have a fundamental right of access to the courts. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). The right of individuals to pursue legal redress for claims that have a reasonably basis in law or fact is protected by the First Amendment right to petition and the

4

1  Fourteenth Amendment right to substantive due process. *Id.* at 1103 (citing *Snyder v. Nolen*, 380
2  F.3d 279, 291 (7th Cir. 2004)). Inmates have a right to litigate in the courts without active
3  interference by prison officials. *Id.*

4  Inmates also have a fundamental right of access to the courts which "requires prison
5  authorities to assist inmates in the preparation and filing of meaningful legal papers by providing
6  prisoners with adequate law libraries or adequate assistance from persons trained in the law."
7  *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited in part on other grounds by Lewis v. Casey*, 518
8  U.S. 343, 354 (1996). The right "guarantees no particular methodology but rather the conferral of a
9  capability – the capability of bringing contemplated challenges to sentences or conditions of
10 confinement before the courts. . . . [It is this capability] rather than the capability of turning pages in
11 a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S. at 356-57.
12 For any claim, a prisoner must establish that he has suffered an actual injury, a jurisdictional
13 requirement from standing that cannot be waived. *Id.* at 349. An "actual injury" is "actual prejudice
14 with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to
15 present a claim." *Id.* at 348 (citation and internal quotation omitted).

16 **I.     Due Process**

17 Plaintiff cites to the Fifth and Fourteenth Amendments. The Fifth Amendment is
18 inapplicable to state actors. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).
19 As to the Fourteenth Amendment, Plaintiff fails to allege any facts which indicate a violation of
20 Plaintiff's Fourteenth Amendment rights. The Court construes this claim as pursuant to the Due
21 Process Clause as it concerns Plaintiff's alleged property, and provides the following legal standard.
22 The Due Process Clause protects prisoners from being deprived of property without due process of
23 law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their
24 personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an
25 authorized, intentional deprivation of property is actionable under the Due Process Clause, *see*
26 *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S.
27 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor
28 unauthorized intentional deprivations of property by a state employee "constitute a violation of the

procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).[3]

### J.  Supervisory Defendants

Plaintiff names several California state government officials as Defendants, presumably under a theory of supervisory liability. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff fails to state a claim, as he fails to allege any facts which indicate that any supervisory Defendant personally participated in an alleged deprivation of Plaintiff's constitutional rights, or knew of such violation and failed to act to prevent it.

### IV.  Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

---

[3] Plaintiff also requests release from prison as a result of these alleged violations. If a prisoner seeks to challenge the validity of a conviction or sentence and be released earlier from prison, he must pursue a habeas petition. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 17, 2013**            /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE