# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DION ANDERSON,

    Plaintiff

    v.

EDMOND G. BROWN, et al.,

    Defendants.

CASE No. 1:12-cv-01839-AWI-DLB (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

ORDER REQUIRNG PLAINTIFF TO FILE AN AMENDED COMPLAINT

(ECF No. 16)

THIRTY-DAY DEADLINE

    Plaintiff Dion Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on November 5, 2012. (ECF No. 1.) On May 17, 2013, the Court issued a screening order dismissing this action, with leave to amend, for failure to state a claim. (ECF No. 15.) On June 7, 2013, Plaintiff filed a motion for reconsideration on the Court's screening order. (ECF No. 16.) Plaintiff has not yet filed an amended complaint.

    Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* Local Rule 230(j) requires

1  Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not
2  exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A
3  motion for reconsideration should not be granted, absent highly unusual circumstances, unless the
4  district court is presented with newly discovered evidence, committed clear error, or if there is an
5  intervening change in the controlling law," and it "may *not* be used to raise arguments or present
6  evidence for the first time when they could reasonably have been raised earlier in the litigation."
7  *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009)
8  (emphasis in original).

9    Plaintiff does not present newly discovered evidence, clear error, or an intervening change
10 in the law.  Plaintiff's motion merely reiterates the argument made in his original complaint.  The
11 Court previously provided Plaintiff with the appropriate legal standards for his claims and granted
12 leave to amend the complaint.

13    Accordingly, IT IS HEREBY ORDERED that:
14    1.   Plaintiff's motion for reconsideration is hereby DENIED; and
15    2.   Plaintiff must file an amended complaint within thirty (30) days from the date of
16 service of this order or this action will be dismissed for failure to state a claim upon which relief
17 may be granted.

IT IS SO ORDERED.

20    Dated:   **October 31, 2013**              /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE

2