# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>EDMOND G. BROWN, et al.,<br><br>　　　　　Defendants. | CASE No. 1:12-cv-01839-AWI-DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>ORDER REQUIRNG PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 19)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Dion Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on November 5, 2012. (ECF No. 1.) On May 17, 2013, the Court issued a screening order dismissing this action, with leave to amend, for failure to state a claim. (ECF No. 15.) On June 7, 2013, Plaintiff filed a motion for reconsideration on the Court's screening order. (ECF No. 16.) On October 31, the Magistrate Judge issued an order denying Plaintiff's motion for reconsideration. (ECF No. 17.) On November 18, 2013, Plaintiff filed objections to the Magistrate Judge's order and requested review by the undersigned. (ECF No. 18.) Plaintiff has not yet filed an amended complaint.

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437,

441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A Magistrate Judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

The Magistrate Judge's ruling was neither clearly erroneous nor contrary to law. The Court previously provided Plaintiff with the appropriate legal standards for his claims and granted leave to amend the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is hereby DENIED; and

2. Plaintiff must file an amended complaint within thirty (30) days from the date of service of this order or this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  January 2, 2014

SENIOR DISTRICT JUDGE

3