# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>         Plaintiff,<br><br>   v.<br><br>JERRY BROWN, et al.,<br><br>         Defendants. | Case No. 1:12-cv-01839-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATION REGARDING FIRST AMENDED COMPLAINT**<br><br>[ECF No. 25]<br><br>THIRTY-DAY OBJECTION PERIOD |

**I.   Background**

Plaintiff Dion Anderson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On August 13, 2012, Plaintiff filed his complaint. ECF No. 1.  On May 17, 2013, the Court screened the complaint and determined the complaint failed to state a claim for relief.  ECF No. 15.  The complaint was dismissed and Plaintiff was granted leave to file a First Amended Complaint.  On February 14, 2014, Plaintiff filed a First Amended Complaint.  ECF No. 25.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1),(2).

1   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3   claim upon which relief may be granted." Id. § 1915(e)(2)(B)(ii).
4      A complaint must contain "a short and plain statement of the claim showing that the pleader
5   is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
6   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550
8   U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
9   claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual
10  allegations are accepted as true, legal conclusions are not. Id.

11  **II.    Summary of First Amended Complaint**

12     Plaintiff essentially replicates his original complaint.

13     Plaintiff was previously incarcerated at Corcoran State Prison. Plaintiff names as Defendants
14  Governor Jerry Brown, the California State Legislature; California Secretary of State Debra Bowen;
15  California Youth and Adult Correctional Agent Bruce Slaving; Director of California Department of
16  Corrections Matthew Cates; California State Controller John Chiang; State Attorney General
17  Kamala D. Harris; and the California Superior Courts.

18     As he alleged in his original complaint, Plaintiff claims the following.[1] On September 7,
19  2010, Plaintiff wrote a letter to the United States Department of Justice concerning "substantial
20  amounts of dollars" appropriated from prisoners' convictions. Pl.'s First Am. Compl. ("FAC") 5.
21  Plaintiff was informed that he should contact the appropriate local or state agency. FAC 5. On April
22  25, 2011, Plaintiff filed a motion in the Sacramento Superior Court. FAC 6. Plaintiff was informed
23  that he would need to submit a petition or complaint to proceed in court. FAC 6. On July 17, 2011,
24  Plaintiff then filed a motion in Sacramento Superior Court for reclassification, submitting his felony
25  criminal case number. FAC 7. On August 17, 2011, the court rejected the filing and informed
26  Plaintiff he must follow proper procedures if he wished to initiate a new civil case. FAC 7-8.

27     On July 20, 2011, Plaintiff filed his complaint with a writ of possession, and was informed to

28
---
[1] Plaintiff's complaint discusses claims that he filed on behalf of other inmates. To the extent that Plaintiff's complaint discusses claims other than his own, such allegations are omitted from this order.

2

resubmit with only the first documents. FAC 8. After complying, Plaintiff received a response from the court which stated that Plaintiff's filings were unclear and that he must have a case number before he can submit a proof of service. FAC 9. Plaintiff construed the court's response as denial of access to the courts. FAC 9. On September 20, 2011, the court stated that without some type of payment, it could not process Plaintiff's complaint. FAC 9.

Plaintiff claims this is a class action for breach of contract and warranty under admiralty law. He seeks release from prison, and workers compensation for the years he spent in prison without receiving minimum wage.

### III. Analysis

#### A. Class Action

In the prior screening order, Plaintiff was advised that he cannot proceed with a class action. In his FAC, Plaintiff merely restates his contentions that he should be the class representative for an alleged class action suit. Plaintiff cannot bring this suit as a class action. Plaintiff is proceeding pro se and lacks authority to appear as an attorney for anyone other than himself. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that "non-attorney may appear *in propria persona* in his own behalf" only). Thus, the Court will not consider Plaintiff's class action allegations.

#### B. Admiralty Law

Plaintiff seeks relief for breach of contract and warranty under admiralty law.[2] There is no connection between Plaintiff and admiralty or maritime activity. A complaint is frivolous if it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989) (quotation marks omitted); Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996); Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995). Accordingly, Petitioners' invocation of admiralty jurisdiction is frivolous and any claim asserted thereunder should be DISMISSED. See Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

---

[2] Plaintiff also requests release from prison as a result of these alleged violations. If a prisoner seeks to challenge the validity of a conviction or sentence and be released earlier from prison, he must pursue a habeas petition. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).

### C. <u>Access to the Courts</u>

In the prior screening order, Plaintiff was advised that he cannot proceed on claims against the Sacramento County Superior Court. In his FAC, Plaintiff reiterates his allegations that the Sacramento Superior Court denied Plaintiff access to the courts. Plaintiff's claim fails as a matter of law, as the Sacramento Superior Court is considered an arm of the State of California and is thus immune from suit under the Eleventh Amendment. <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003).

### D. <u>Supervisory Defendants</u>

In his original complaint, Plaintiff named several California state government officials as Defendants, presumably under a theory of supervisory liability. In the screening order, the Court advised Plaintiff that the complaint failed to state a claim because Plaintiff failed to allege any facts which indicate that any supervisory Defendant personally participated in an alleged deprivation of Plaintiff's constitutional rights, or knew of such violation and failed to act to prevent it. In his FAC, Plaintiff reiterates his same allegations.

The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. <u>Iqbal</u>, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." <u>Id</u>. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. <u>Id</u>. at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). As previously discussed, Plaintiff fails to state a claim, as he fails to allege any facts which indicate that any supervisory Defendant personally participated in an alleged deprivation of Plaintiff's constitutional rights, or knew of such violation and failed to act to prevent it.

## IV. Findings and Recommendation

Plaintiff's amended complaint fails to state any cognizable claims against any Defendant. Plaintiff has been afforded an opportunity to amend, but has failed to correct the deficiencies. Therefore, the Court finds that further amendment is not warranted and RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 11, 2015**                        /s/ Dennis L. Beck
                                                           UNITED STATES MAGISTRATE JUDGE