# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>JERRY BROWN, et al.,<br><br>        Defendants. | Case No. 1:12-cv-01839 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND MOTION TO VACATE ALL ORDERS ISSUED<br><br>[ECF No. 39] |

Plaintiff Dion Anderson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On August 13, 2012, Plaintiff filed his complaint. (ECF No. 1.) On May 17, 2013, the Court screened the complaint and determined the complaint failed to state a claim for relief. (ECF No. 15.) The complaint was dismissed and Plaintiff was granted leave to file a First Amended Complaint. On February 14, 2014, Plaintiff filed a First Amended Complaint. (ECF No. 25.) On March 11, 2015, the Court issued a Findings and Recommendation that recommended the action be dismissed for failure to state a cognizable claim.

On March 25, 2015, Plaintiff filed the instant motion for recusal and motion to vacate all orders issued by the undersigned.

As a matter of federal due process, "a judge must recuse himself when he has 'a direct, personal, substantial, pecuniary interest' in a case. [Citation.]" Caperton v. A.T. Massey Coal Co.,

1

Inc., 556 U.S. 868, 876 (2009).  Moreover, even when the judge does not have a direct pecuniary interest, "'[e]very procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear and true . . . denies . . . due process of law.' [Citation.]"  Id. at p. 878.

In this case, Plaintiff claims that the undersigned should recuse himself because the undersigned received "Local County Judicial Benefits" during tenure as a Kings County Superior Court Judge.  Plaintiff states that the undersigned received benefits between the years 1983 to 1985 from Kings County in addition to salary provided by the State.  Plaintiff argues that these benefits somehow equate to a pecuniary interest in the instant proceedings such that the undersigned cannot be impartial.

The Court finds Plaintiff's argument to be completely without merit.  The undersigned has not been a Kings County Superior Court judge for thirty years.  The undersigned is employed by the Federal Judiciary, not the State.  Any benefits provided in 1983 to 1985 while a superior court judge have no bearing on the instant federal case.  In addition, no ruling in this case could possibly affect the local supplemental benefits received in 1983 to 1985; thus, the undersigned his no pecuniary interest in the outcome of this case.  Even assuming all of Plaintiff's allegations to be true, there is no arguable incentive for the undersigned to rule in the County's favor based on the fact that the undersigned was a superior court judge thirty years ago and received a salary partly funded by the County.  Plaintiff's arguments present no basis for a reasonable person to entertain a doubt that the undersigned would be able to be impartial.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for recusal is DENIED.

IT IS SO ORDERED.

Dated:   **April 22, 2015**              /s/ *Dennis L. Beck*
                                UNITED STATES MAGISTRATE JUDGE

2